FILED
John E. Triplett, Acting Clerk
United States District Court

By casbell at 8:50 am, May 28, 2020

# United States District Court
# for the Southern District of Georgia
# Savannah Division

UNITED STATES OF AMERICA,

v.

SEBASTIAN JAMES,

    Defendant.

CR 416-346

## ORDER

Before the Court is Sebastian James' letter for clarification regarding his state custodial jail time. Dkt. No. 33. The Court construes James' letter as a motion for his state custodial jail time to be credited to his federal sentence. For the reasons below, James' motion is **DENIED**.

On April 17, 2017, after pleading guilty to possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2), James was sentenced to 120 months' imprisonment with the Bureau of Prisons ("BOP"). At sentencing, the undersigned stated, "[I]t is the Court's intention that [James] receive credit for the time that he's served awaiting this sentence federally." That recommendation does not appear on the judgment, however.

James now moves the Court for an order crediting time toward his federal sentence from the date he was initially

arrested by state authorities in April 2016. At the time of his arrest, James was on state parole for a drug and firearms offense committed approximately eight years earlier.

While in state custody, James made his initial appearance via writ on November 17, 2016, to answer to the federal charges. After sentencing on April 17, 2017, James was returned to state authorities to complete his parole revocation sentence, his parole having been revoked upon his federal sentencing. He commenced his federal term of imprisonment on May 2, 2018.

At sentencing, the Court was silent as to whether James should serve his federal sentence concurrently or consecutively to his revoked state parole term. The BOP computed James' sentence consecutively to the parole revocation sentence. See 18 U.S.C. § 3585(b); U.S.S.G. § 7B1.3, Application Note 4 ("[I]t is the Commission's recommendation that any sentence of imprisonment for a criminal offense that is imposed after revocation of probation or supervised release be run consecutively to any term of imprisonment imposed upon revocation."). Although recommended by the Court, the BOP awarded James no credit for time served prior to May 2, 2018.

The time for which James is requesting credit toward his federal sentence, including the time he was under a writ for federal prosecution, was credited to his state parole revocation sentence. Pursuant to 18 U.S.C. § 3585(b), a defendant shall

receive credit toward a custodial term for any time spent in official detention prior to the date the sentence commenced "that has not been credited against another sentence." Despite the Court's recommendation otherwise, because James has already received credit against his state parole revocation, the Court cannot now order that time be credited toward his federal sentence. Accordingly, James' motion, dkt. no. 33, is **DENIED**.

    **SO ORDERED**, this 28th day of May, 2020.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA